UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **PENNSYLVANIA NATIONAL MUTUAL CASUALTY INSURANCE COMPANY a/s/o THE MAKE UP BAR LLC**<br>2 North 2nd Street<br>Harrisburg, PA 17101<br>　　　　　　　Plaintiffs(s)<br>　　　　v.<br><br>**C.J. WATSON, INC. d/b/a C.J. WATSON ELECTRICAL CONTRACTOR**<br>1100 N. Egg Harbor Road<br>Hammonton, NJ 08037<br>　　　　　　　Defendant(s) | Civil Action No:<br><br><br><br><br>**J U R Y   T R I A L   D E M A N D E D** |

## COMPLAINT

Plaintiff, Pennsylvania National Mutual Casualty Insurance Company a/s/o The Make Up Bar, LLC, by and through undersigned counsel, hereby demands judgment against Defendant, C.J. Watson, Inc., d/b/a C.J. Watson Electrical Contractor, and complains against it as follows:

### PARTIES

1. Pennsylvania National Mutual Casualty Insurance Co. ("Penn National" or "Plaintiff"), at all times relevant, was a Pennsylvania corporation with its principal place of business at the above-referenced address.

2. At all times relevant hereto, Penn National provided insurance to The Make Up Bar LLC ("subrogor") in connection with its business within a shopping center located 480 Evesham Road, Cherry Hill, NJ ("subject property"), under a policy of insurance that was in full force and effect on all relevant dates, and at all relevant times.

3. As a result of the negligent actions, inactions, and/or omissions described below by defendant, claims were made on said insurance policies and Penn National became subrogated to certain rights and interests of the insured for monies paid thereunder, including the

claims giving rise to the within cause of action.

4. Defendant, C.J. Watson, Inc., d/b/a C.J. Watson Electrical Contractor ("C.J. Watson"), is a corporation organized and operating under the laws of the state of New Jersey with a principal place of business located at 1100 N. Egg Harbor Road, Hammonton, NJ 08037.

5. At all times relevant hereto, C.J. Watson, upon information and belief, was in the business of, *inter alia*, the performance of electrical installation, service and repair work for commercial properties.

## JURISDICTION AND VENUE

6. Jurisdiction of this Court is invoked pursuant to the provisions of 28 U.S.C. §1332 by reason of diversity of citizenship of the parties.

7. The matter in controversy, exclusive of interest and costs, exceeds the sum of $75,000.00.

8. Venue is properly laid in this District pursuant to the provisions of 28 U.S.C. §1391.

## FACTUAL BACKGROUND

9. Plaintiff incorporates by reference the preceding paragraphs as though set forth at length herein.

10. The subject property had six tenant spaces on March 6, 2020, one of which was occupied by the subrogor.

11. Electrical service was provided to the subject property from a transformer immediately adjacent to the subject property.

12. Due to a construction project planned for the property next to the subject property, a new transformer was installed the days leading up to March 6, 2020, to provide the electrical service to the subject property.

13. Defendant was hired to perform the electrical work associated with the transfer of the wiring and cables from the original transformer to the new transformer.

14. Each tenant space at the subject property had a separate electrical service which ran from the original transformer to electrical boxes at the rear exterior of each tenant's space.

15. The electrical service for each tenant space included a set of cables (all black in color) within the transformer: three "hot" phase legs and a neutral.

16. The three hot phase legs were identified by color: red (red tape was applied to the end of the cable), blue (blue tape was applied to the end of the cable) and black (no tape was applied).

17. The neutral was identified by color: white (white tape was applied to the end of the cable).

18. On or before March 6, 2020, Defendant took the electrical service cables from the original transformer, cut them back, and installed the cables into the new transformer.

19. From the new transformer, the electrical service cables ran underground in conduit to the subject property where they remained connected to the electrical boxes at the rear exterior of each tenants' space.

20. Defendant mistakenly made incorrect connections of two of the electrical service cables within the new transformer.

21. Specifically: (1) the neutral lug in the electrical box for tenant The Make-Up Bar was incorrectly connected to the black hot phase lug within the new transformer by Defendant; and (2) the black hot phase lug at The Make-Up Bar electrical box was incorrectly connected to the neutral lug within the new transformer by Defendant, C.J. Watson.

22. In short, the two cables referenced in the preceding paragraph were mistakenly "swapped" within the new transformer by Defendant.

23. The new transformer was energized on the morning of March 6, 2020.

24. Once the new transformer was energized, this resulted in the energization of the neutral and the ground, a dangerous and fire hazardous condition, at The Make Up Bar.

25. Once the new transformer was energized, electrical current began to flow anywhere there was a ground, and utilities and appliances received excessive and dangerous amounts of voltage.

26. Shortly after the new transformer was energized on the morning of March 6, 2020, a fire originated at the subject property.

27. As a result of the incident, subrogor sustained damage to its personal property, as well as the imposition of additional expenses and hardships besides, in an amount in excess of $100,000.00.

28. To the extent these damages were covered under insurance policies that Plaintiff had in full force and effect at the time with the subrogor, claim monies were paid to the subrogor consistent with its policy's terms and conditions; as a result, Plaintiff has become subrogated to certain claims asserted in this action.

29. The incident and consequent damages were directly and proximately caused by Defendant as set forth above and as is further described below.

**COUNT I – NEGLIGENCE**
**PLAINTIFF v. C.J. WATSON, INC., d/b/a C.J. WATSON ELECTRICAL CONTRATOR**

30. Plaintiff incorporates by reference the preceding paragraphs as though set forth at length herein.

31. Defendant, C.J. Watson owed Plaintiff's insured a legal duty to exercise reasonable care in the work it performed relative to the subject new transformer and the subject property so as to prevent reasonably foreseeable harm to the subject property.

32. The subject fire and the resulting damages sustained by Plaintiff's insured were caused by the negligence, carelessness, breach of duty of care, and negligent acts and/or omissions of the Defendant in:

    a) failing to perform its work in a safe and careful manner;

    b) making incorrect connections of electrical cables within the new transformer;

    c) failing to perform its work in accordance with industry standards and/or codes;

    d) creating a fire hazardous condition at the subject property; and

    e) failing to properly inspect its work.

33. As a result of the incident, subrogor sustained damage to its personal property, as well as the imposition of additional expenses and hardships besides, in an amount in excess of $100,000.00.

34. To the extent these damages were covered under insurance policies that Plaintiff had in full force and effect at the time with the subrogor, claim monies were paid to the subrogor consistent with its policy's terms and conditions; as a result, Plaintiff has become subrogated to certain claims asserted in this action.

35. The incident and consequent damages were directly and proximately caused by Defendant as set forth above and as is further described below.

**WHEREFORE**, Plaintiff, Pennsylvania National Mutual Casualty Insurance Company a/s/o The Make Up Bar LLC, respectfully requests judgment against Defendant, C.J. Watson, Inc., d/b/a C.J. Watson Electrical Contractor for damages in an amount in

excess of $100,000.00, plus costs incidental to this suit, delay damages, and attorney fees, as well as for such other relief as this Honorable Court shall deem appropriate under the circumstances.

                **de LUCA LEVINE LLC**

BY: /s/ Richard J. Boyd, Jr.
    **RICHARD J. BOYD, JR.**
    PA ID: 84035
    Three Valley Square, Suite 220
    Blue Bell, PA 19422
    215-383-0081
    215-383-0082 (fax)
    rboyd@delucalevine.com
    **ATTORNEYS FOR PLAINTIFF**

**Dated:**  August 9, 2021